1 | MARC E. MAYER (SBN 190969)
      mem@msk.com
2 | MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
3 | Los Angeles, CA 90067-3120
    Telephone: (310) 312-2000
4 | Facsimile: (310) 312-3100

5 | THERESA B. BOWMAN (*pro hac vice*)
      tbb@msk.com
6 | MITCHELL SILBERBERG & KNUPP LLP
    1818 N Street NW, Suite 700
7 | Washington, DC 20036
    Telephone: (202) 355-7900
8 | Facsimile: (202) 355-7899

9 | Attorneys for Plaintiff Riot Games, Inc.

10 |               UNITED STATES DISTRICT COURT

11 |               CENTRAL DISTRICT OF CALIFORNIA

12 |

13 |

RIOT GAMES, INC., a Delaware corporation,

                          Plaintiff,

                 v.

SUGA PTE, LTD., a company incorporated under the laws of Singapore; IMBA TECHNOLOGY COMPANY LIMITED, a division of SUGA PTE, LTD., a company incorporated under the laws of Singapore; IMBA NETWORK LLC, a Delaware limited liability company; DOES 1-10, inclusive,

                          Defendants.

CASE NO. 2:22-cv-00429- SPG (KS*x*)

[Assigned to Judge Sherilyn Peace Garnett]

**STIPULATED PROTECTIVE ORDER**

[Discovery Document: Referred to Magistrate Judge Karen L. Stevenson]

Complaint Filed: January 20, 2022

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, information concerning proprietary software, amounts paid under and other terms in confidential contracts entered into by the parties with third parties, the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitors, additional confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise

1  generally unavailable to the public, or which may be privileged or otherwise

2  protected from disclosure under state or federal statutes, court rules, case decisions,

3  or common law.  Accordingly, to expedite the flow of information; to facilitate the

4  prompt resolution of disputes over confidentiality of discovery materials; to

5  adequately protect information the parties are entitled to keep confidential (and/or

6  disclosure of which may cause the parties some business, commercial, or privacy

7  injury); to ensure that the parties are permitted reasonable necessary uses of such

8  material in preparation for and in the conduct of trial, to address their handling at

9  the end of the litigation, and serve the ends of justice, a protective order for such

10 information is justified in this matter.  The parties thus desire an efficient and

11 practicable means to designate such information as "CONFIDENTIAL" or

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby help

13 ensure its continued protection against unwarranted disclosure or dissemination.

14 The parties have agreed to such means as set forth herein.  It is the intent of the

15 parties that information will not be designated as "Confidential" or "Highly

16 Confidential – Attorneys' Eyes Only" for tactical reasons and that nothing be so

17 designated without a good faith belief that it has been maintained in a confidential,

18 non-public manner, and there is good cause why it should not be part of the public

19 record of this case.

20 2.     DEFINITIONS

21       2.1     Action: The above-captioned civil action, *Riot Games, Inc. v. Suga*

22 *PTE, Ltd., et al.*, Case No. 2:22-cv-00429- SPG (KS*x*).

23       2.2     Challenging Party: a Party or Non-Party that challenges the

24 designation of information or items under this Order.

25       2.3     "CONFIDENTIAL" Information or Items: information (regardless of

26 how it is generated, stored or maintained) or tangible things that qualify for

27 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

28 the Good Cause Statement.

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

3

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

4

1      2.13   Producing Party: a Party or Non-Party that produces Disclosure or

2  Discovery Material in this Action.

3      2.14   Professional Vendors: persons or entities that provide litigation

4  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

5  demonstrations, and organizing, storing, or retrieving data in any form or medium)

6  and their employees and subcontractors.

7      2.15   Protected Material: any Disclosure or Discovery Material that is

8  designated as "CONFIDENTIAL."

9      2.16   Receiving Party: a Party that receives Disclosure or Discovery

10  Material from a Producing Party.

11  3.     SCOPE

12      The protections conferred by this Stipulation and Order cover not only

13  Protected Material (as defined above), but also (1) any information copied or

14  extracted from Protected Material; (2) all copies, excerpts, summaries, or

15  compilations of Protected Material; and (3) any testimony, conversations, or

16  presentations by Parties or their Counsel that might reveal Protected Material.

17      Any use of Protected Material at trial shall be governed by the orders of the

18  trial judge.  This Order does not govern the use of Protected Material at trial.

19  4.     DURATION

20       Even after final disposition of this litigation, the confidentiality obligations

21  imposed by this Order shall remain in effect until a Designating Party agrees

22  otherwise in writing or a court order otherwise directs.  Final disposition shall be

23  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

24  with or without prejudice; and (2) final judgment herein after the completion and

25  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

26  including the time limits for filing any motions or applications for extension of

27  time pursuant to applicable law.

28

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

5

5.      DESIGNATING PROTECTED MATERIAL

      5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions

1   of the material on a page qualifies for protection, the Producing Party also must

2   clearly identify the protected portion(s) (e.g., by making appropriate markings in

3   the margins) and must specify, for each portion, the level of protection being

4   asserted.

5         A Party or Non-Party that makes original documents available for inspection

6   need not designate them for protection until after the inspecting Party has indicated

7   which documents it would like copied and produced.  During the inspection and

8   before the designation, all of the material made available for inspection shall be

9   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

10  inspecting Party has identified the documents it wants copied and produced, the

11  Producing Party must determine which documents, or portions thereof, qualify for

12  protection under this Order.  Then, before producing the specified documents, the

13  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

15  contains Protected Material.  If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the

17  protected portion(s) (e.g., by making appropriate markings in the margins) and

18  must specify, for each portion, the level of protection being asserted.

19            (b)    for testimony given in depositions or in other pretrial or trial

20  proceedings, that the Designating Party identify the Disclosure or Discovery

21  Material on the record, before the close of the deposition all protected testimony

22  and specify the level of protection being asserted.  When it is impractical to

23  identify separately each portion of testimony that is entitled to protection and it

24  appears that substantial portions of the testimony may qualify for protection, the

25  Designating Party may invoke on the record (before the deposition, hearing, or

26  other proceeding is concluded) a right to have up to 30 days to identify the specific

27  portions of the testimony as to which protection is sought and to specify the level

28  of protection being asserted, and the entire transcript shall be treated either as

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

2   ONLY" according to the designation made on the record until either the specific

3   designations are made or the 30-day period expires.  Only those portions of the

4   testimony that are appropriately designated for protection within the 30 days shall

5   be covered by the provisions of this Stipulated Protective Order.  Alternatively, a

6   Designating Party may specify, at the deposition or up to 30 days afterwards if that

7   period is properly invoked, that the entire transcript shall be treated as

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9   ONLY."

10        Parties shall give the other parties notice if they reasonably expect a

11   deposition, hearing or other proceeding to include Protected Material so that the

12   other parties can ensure that only authorized individuals who have signed the

13   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

14   proceedings.  The use of a document as an exhibit at a deposition shall not in any

15   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

16   – ATTORNEYS' EYES ONLY."

17        Transcripts containing Protected Material shall have an obvious legend on

18   the title page that the transcript contains Protected Material, and the title page shall

19   be followed by a list of all pages (including line numbers as appropriate) that have

20   been designated as Protected Material and the level of protection being asserted by

21   the Designating Party.  The Designating Party shall inform the court reporter of

22   these requirements. Any transcript that is prepared before the expiration of a 30-

23   day period for designation shall be treated during that period as if it had been

24   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

25   entirety unless otherwise agreed. After the expiration of that period, the transcript

26   shall be treated only as actually designated.

27             (c)    for information produced in some form other than documentary

28   and for any other tangible items, that the Producing Party affix in a prominent

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

8

1   place on the exterior of the container or containers in which the information is

2   stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY."  If only a portion or portions of the information

4   warrants protection, the Producing Party, to the extent practicable, shall identify

5   the protected portion(s).

6        5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

7   failure to designate qualified information or items does not, standing alone, waive

8   the Designating Party's right to secure protection under this Order for such

9   material.  Upon timely correction of a designation, the Receiving Party must make

10  reasonable efforts to assure that the material is treated in accordance with the

11  provisions of this Order.

12  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

13       6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

14  designation of confidentiality at any time that is consistent with the Court's

15  Scheduling Order.  Unless a prompt challenge to a Designating Party's

16  confidentiality designation is necessary to avoid foreseeable, substantial

17  unfairness, unnecessary economic burdens, or a significant disruption or delay of

18  the litigation, a Party does not waive its right to challenge a confidentiality

19  designation by electing not to mount a challenge promptly after the original

20  designation is disclosed.

21       6.2   Meet and Confer.  The Challenging Party shall initiate the dispute

22  resolution process under Local Rule 37.1 et seq.

23       6.3   The burden of persuasion in any such challenge proceeding shall be

24  on the Designating Party.  Frivolous challenges, and those made for an improper

25  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

26  parties) may expose the Challenging Party to sanctions.  Unless the Designating

27  Party has waived or withdrawn the confidentiality designation, all parties shall

28  continue to afford the material in question the level of protection to which it is

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

9

1 entitled under the Producing Party's designation until the Court rules on the

2 challenge.

3 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1    Basic Principles.  A Receiving Party may use Protected Material that

5 is disclosed or produced by another Party or by a Non-Party in connection with this

6 Action only for prosecuting, defending, or attempting to settle this Action.  Such

7 Protected Material may be disclosed only to the categories of persons and under

8 the conditions described in this Order.  When the Action has been terminated, a

9 Receiving Party must comply with the provisions of section 13 below (FINAL

10 DISPOSITION).

11        Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons

13 authorized under this Order.

14        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

15 otherwise ordered by the court or permitted in writing by the Designating Party, a

16 Receiving Party may disclose any information or item designated

17 "CONFIDENTIAL" only to:

18            (a)    the Receiving Party's Outside Counsel of Record in this Action,

19 as well as employees of said Outside Counsel of Record to whom it is reasonably

20 necessary to disclose the information for this Action;

21            (b)    the officers, directors, and employees (including House

22 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

23 this Action;

24            (c)    Experts (as defined in this Order) of the Receiving Party to

25 whom disclosure is reasonably necessary for this Action and who have signed the

26 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27            (d)    the court and its personnel;

28            (e)    court reporters and their staff;

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

10

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's House Counsel, Outside Counsel of Record in this action, and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

1    (b)    Experts (as defined in this Order) of the Receiving Party to whom

2  disclosure is reasonably necessary for this litigation, who have signed the

3  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (d)    the court and its personnel;

5    (e)    court reporters, professional jury or trial consultants, and Professional

6  Vendors to whom disclosure is reasonably necessary for this litigation and who

7  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and

8  their staff; and

9    (f)    the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information.

11  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

12    <u>IN OTHER LITIGATION</u>

13    If a Party is served with a subpoena or a court order issued in other litigation

14  that compels disclosure of any information or items designated in this Action as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" that Party must:

17    (a)    promptly notify in writing the Designating Party.  Such

18  notification shall include a copy of the subpoena or court order;

19    (b)    promptly notify in writing the party who caused the subpoena

20  or order to issue in the other litigation that some or all of the material covered by

21  the subpoena or order is subject to this Protective Order.  Such notification shall

22  include a copy of this Stipulated Protective Order; and

23    (c)    cooperate with respect to all reasonable procedures sought to be

24  pursued by the Designating Party whose Protected Material may be affected.

25    If the Designating Party timely seeks a protective order, the Party served

26  with the subpoena or court order shall not produce any information designated in

27  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" before a determination by the court from which the

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020                                      12

1   subpoena or order issued, unless the Party has obtained the Designating Party's

2   permission.  The Designating Party shall bear the burden and expense of seeking

3   protection in that court of its confidential material and nothing in these provisions

4   should be construed as authorizing or encouraging a Receiving Party in this Action

5   to disobey a lawful directive from another court.

6   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

7           PRODUCED IN THIS LITIGATION

8           (a)      The terms of this Order are applicable to information produced

9   by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

11  by Non-Parties in connection with this litigation is protected by the remedies and

12  relief provided by this Order.  Nothing in these provisions should be construed as

13  prohibiting a Non-Party from seeking additional protections.

14          (b)      In the event that a Party is required, by a valid discovery

15  request, to produce a Non-Party's confidential information in its possession, and

16  the Party is subject to an agreement with the Non-Party not to produce the Non-

17  Party's confidential information, then the Party shall:

18                  (1)      promptly notify in writing the Requesting Party and the

19  Non-Party that some or all of the information requested is subject to a

20  confidentiality agreement with a Non-Party;

21                  (2)      promptly provide the Non-Party with a copy of the

22  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

23  reasonably specific description of the information requested; and

24                  (3)      make the information requested available for inspection

25  by the Non-Party, if requested.

26          (c)      If the Non-Party fails to seek a protective order from this court

27  within 14 days of receiving the notice and accompanying information, the

28  Receiving Party may produce the Non-Party's confidential information responsive

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

13

1   to the discovery request.  If the Non-Party timely seeks a protective order, the

2   Receiving Party shall not produce any information in its possession or control that

3   is subject to the confidentiality agreement with the Non-Party before a

4   determination by the court.  Absent a court order to the contrary, the Non-Party

5   shall bear the burden and expense of seeking protection in this court of its

6   Protected Material.

7   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8          If a Receiving Party learns that, by inadvertence or otherwise, it has

9   disclosed Protected Material to any person or in any circumstance not authorized

10  under this Stipulated Protective Order, the Receiving Party must immediately (a)

11  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

12  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

13  the person or persons to whom unauthorized disclosures were made of all the terms

14  of this Order, and (d) request such person or persons to execute the

15  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

16  A.

17  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

18         PROTECTED MATERIAL

19         When a Producing Party gives notice to Receiving Parties that certain

20  inadvertently produced material is subject to a claim of privilege or other

21  protection, the obligations of the Receiving Parties are those set forth in Federal

22  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

23  whatever procedure may be established in an e-discovery order that provides for

24  production without prior privilege review.  Pursuant to Federal Rule of Evidence

25  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

26  of a communication or information covered by the attorney-client privilege or

27  work product protection, the parties may incorporate their agreement in the

28  stipulated protective order submitted to the court.

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

14

12.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

1  are entitled to retain an archival copy of all pleadings, motion papers, trial,

2  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

3  and trial exhibits, expert reports, attorney work product, and consultant and expert

4  work product, even if such materials contain Protected Material.  Any such

5  archival copies that contain or constitute Protected Material remain subject to this

6  Protective Order as set forth in Section 4 (DURATION).

7  14.    Any violation of this Order may be punished by any and all appropriate

8  measures including, without limitation, contempt proceedings and/or monetary

9  sanctions.

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13  DATED: October 7, 2022          MARC E. MAYER
                                    THERESA B. BOWMAN
14                                  MITCHELL SILBERBERG & KNUPP LLP

15                                  By: */s/ Marc E. Mayer*
16                                       Marc E. Mayer (SBN 190969)
                                         Theresa B. Bowman (*pro hac vice*)
17                                       Attorneys for Plaintiff
                                         Riot Games, Inc.

18  DATED: October 7, 2022          JOHN D. TRAN
                                    ROSALIND ONG
19                                  RHEMA LAW GROUP, P.C.

20

21                                  By: */s/ John D. Tran*
                                         John D. Tran (SBN 231761))
22                                       Rosalind Ong (SBN 234326)
                                         Attorneys for Defendants
23                                       Suga Pte Ltd. and IMBA Technology
                                         Co. Ltd.

24

25  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

26

27  DATED: October 12, 2022

                                    Karen L. Stevenson
28                                  United States Magistrate Judge

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

1

**Attestation Regarding Signatures**

2         I, Marc E. Mayer, attest that all signatories listed, and on whose behalf the

3  filing is submitted, concur in the filing's content and have authorized the filing

4

5   DATED:  October 12, 2022          /s/ Marc E. Mayer
                                   Marc E. Mayer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020

17

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Riot Games, Inc. v. Suga PTE, Ltd., et al.*, Case No. 2:22-cv-00429- SPG (KS*x*).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Mitchell
Silberberg &
Knupp LLP

14781112.2/47638-00020