JOHN D. TRAN, ESQ. (State Bar No. 231761)
ROSALIND T. ONG, ESQ. (State Bar No. 234326)
**RHEMA LAW GROUP P.C.**
1 PARK PLAZA SUITE 600
IRVINE, CA 92614
EMAIL:  JDT@RHEMALAW.COM
EMAIL:  RTO@RHEMALAW.COM
TELEPHONE:  (949)852-4430
FAX:             (866)929-3519

Attorneys for Defendants and Counterclaimants SUGA PTE, LTD., and SUGA CO., LTD,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOT GAMES, INC., a Delaware corporation,<br><br>       Plaintiff and Counterdefendant,<br><br>      v.<br><br>SUGA PTE, LTD., a company incorporated under the laws of Singapore, SUGA CO., LTD., a company incorporated under the laws of Vietnam; IMBA TECHNOLOGY COMPANY LIMITED, a company incorporated under the laws of Vietnam., and IMBA NETWORK LLC, a Delaware limited liability company; DOES 1-10, inclusive,<br><br>      Defendants and Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:22-cv-00429- SPG (KSx)<br><br>**DEFENDANT AND COUNTERCLAIMANT SUGA PTE, LTD., AND SUGA CO., LTD'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, TO PLAINTIFF RIOT GAMES, INC.'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

Defendant SUGA PTE, LTD., ("SugaPTE.") and SUGA CO., LTD ("SugaCo.") (hereafter collectively "Defendants"), hereby files its Answer, Affirmative Defenses and Counterclaims to each paragraph of Plaintiff Riot Games, Inc. ("Plaintiff" or "Riot Games") First Amended Complaint as follows:

## INTRODUCTION

1.   With respect to paragraph 1, Defendants are without knowledge or information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

2.   Denied.

3.   Denied.

4.   Denied.

5.   Denied.

6.   Denied.

7.   Denied.

8.   Denied.

## THE PARTIES

9.   With respect to paragraph 9, Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Denied.

16.  Denied.

17.  Denied.

18.  Admit.

19.  With respect to paragraph 19, Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

20.  Denied.

## JURISDICTION AND VENUE

21.  Admit.

22.  Admit.

23.  Denied.

    (a).    Denied.

    (b).    Denied.

    (c).    Denied.

    (d).    Denied.

    (e).    Denied.

    (f).    Denied.

    (g).    Denied.

    (h).    Denied.

    (i).    Denied.

    (j).    Denied.

24.  Admit.

## FACTS APPLICABLE TO ALL CLAIMS
## Riot and "League of Legends"

25.  With respect to paragraph 25, Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

26.  With respect to paragraph 26, Defendants are without knowledge or

Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

27.  With respect to paragraph 27 (a)-(d), Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

28.  With respect to paragraph 28, Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

29.  With respect to paragraph 29, Defendants are without knowledge or Information sufficient to admit or deny the allegations in the paragraph, and therefore denies each and every allegation.

30.  Denied.

31.  Denied.

### Defendants and Their Release of The Infringing Game

32.  Denied.

33.  Denied.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied.

### Defendants' Access to LoL

43.  Denied.

44.  Denied.

**Defendants' Copying of Protectible Expression from LoL**

45. Denied.

46. Denied.

47. Denied.

**Infringing Elements: Character Nicknames and Backstory Narratives**

48. Denied.

**Infringing Elements: Character Gameplay Abilities**

49. Denied.

**Infringing Elements:  Character Icons**

50. Denied.

**Imba's Willful and Intentional Infringement**

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**COUNT I**

**(Copyright Infringement)**

55. Defendants incorporate the answers in Paragraphs 1 – 54 as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

-5-

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

64. Plaintiff's first amended complaint and its purported claim thereof fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

65. Plaintiff's claim is barred by estoppel.

### THIRD AFFIRMATIVE DEFENSE

66. Plaintiff's claim is barred by laches.

### FOURTH AFFIRMATIVE DEFENSE

67. There is no substantial similarity between Defendant's accused work and any protectable elements of Plaintiff's purported copyrighted work.

### FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's registered copyright is invalid.

### SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's registered copyright is unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff is barred from bringing suit on any alleged copyright for a U.S. work that has not been registered in the U.S. Copyright Office.

### EIGHTH AFFIRMATIVE DEFENSE

71. Defendants have suffered damage by reason of Plaintiff's conduct and thus has a right to an offset against any damages to which Plaintiff claims it is entitled.

### NINTH AFFIRMATIVE DEFENSE

72. Plaintiff's claim is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claim is barred by the doctrine of fair use.

**ELEVENTH AFFIRMATIVE DEFENSE**

74.  Plaintiff's claim is barred by the doctrine of independent creation.

**TWELFTH AFFIRMATIVE DEFENSE**

75.  Plaintiff's claim is barred by the doctrine of Merger.

**THIRTEENTH AFFIRMATIVE DEFENSE**

76.  Plaintiff's claim is barred by the doctrine of Scenes a Faire.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray and request this Court enter judgment in its favor as follows:

A.  That Plaintiff takes nothing by its First Amended Complaint and its prayer for relief;

B.  That the Court dismiss with prejudice Plaintiff's claim against Defendants;

C.  That the Court enter judgment in favor of Defendants, and against Plaintiff;

D.  That the Court find that Plaintiff's copyright applications/registrations are invalid;

E.  That the Court find that Plaintiff's copyright applications/registrations are unenforceable;

F.  That the Court deny Plaintiff's request for injunctive relief, including any transfer and/or destruction of Defendants' intellectual property rights and assess in its accused work;

G.  That the Court award Defendants' costs and attorneys' fees incurred in defending against Plaintiff's Complaint;

H.  Any and all further relief for Defendants as the Court may deem just and proper.

///
///
///

## COUNTERCLAIMS

77.  Defendants and Counterclaimants SUGA PTE, LTD., ("SugaPTE.")  and SUGA CO., LTD ("SugaCo.") (hereafter collectively "Counterclaimants") hereby Counterclaim against Plaintiff and Counterclaim Defendant Riot Games, Inc. ("Counterclaim Defendant") for an order that SugaPTE's and SugaCo.'s mobile app game entitled "I AM HERO: AFK Tactical Teamfight" and "HEROES AND EMPIRES" (hereafter collectively "I AM HERO") do not infringe Counterclaim Defendant's alleged copyrights, including PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986.

78.  Counterclaimants further seek a declaratory judgment that the Copyright applications/registrations Nos. PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986, are invalid and/or unenforceable and an order requiring the Counterclaim Defendant to file a request with the U.S. Copyright Office to cancel the Copyright Applications/Registrations Nos. PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986.
.

## JURISDICTION AND VENUE

79.  This Court has subject matter jurisdiction over this matter as it involves a declaration regarding Copyrights, arising under United States law, namely 17 U.S.C. §§ 1, et seq., and, under 28 U.S.C. § 1338, the district courts possess original jurisdiction of any civil action arising under any Act of Congress relating to Copyrights.

80.  This action seeks a declaratory judgment under the Declaratory Judgment Act, 29 U.S.C.§ 2201.  It presents an actual case or controversy under Article III of the United States Constitution and services the essential purpose of clarifying and settling the legal rights at issue.

81.  This Court has personal jurisdiction over the Counterclaim Defendant in this action and venue are proper because Counter Defendant has engaged in systematic and continuous substantial business within this district, either directly or through licensees or, alternatively, there are sufficient minimum contacts with this forum by it, and the harm caused to Counterclaimants by Counterclaim Defendant's conduct was targeted at and designed to impact Counterclaim Defendant, which is doing business in this judicial district.

## GENERAL FACTUAL ALLEGATIONS

82.  On information and belief, Counterclaim Defendant is a corporation incorporated under the laws of Delaware, with a principal place of business in Los Angeles, California.  Counterclaim Defendant is the creator, developer and distributor of several mobile app games entitled "League of Legends," "Teamfight Tactics," and "Wild Rift," (collectively, "LoL").

83.  SugaPTE is a Singapore company and SugaCo is a Vietnam company. SugaPTE and SugaCo are developers of mobile application games which it sells on online app platforms such as the Apple App Store and Google Play Store.

84.  Counterclaimants have created, developed, marketed and distributed a variety of mobile app games.  In particular, Counterclaimants have created, developed, marketed and distributed mobile app games entitled "I AM HERO: AFK Tactical Teamfight" and "HEROES AND EMPIRES," (collectively, "I AM HERO").  Counterclaimants' "I AM HERO" games present unique gameplay which combines traditional fantasy and idle RPG (role playing game) game design, character features and gameplay style with the tactics of auto chess teamfight. Counterclaimants' "I AM HERO" games allow the player to build a powerful team which auto fights on behalf of the player.  The player can collect and upgrade a variety of unique heroes stemming from different races and classes.  Each hero has unique abilities and traits.  The player can also upgrade or power their heroes with a

variety of magical gear, signature items and different "skins" to alter/modify the player's hero's appearance.

85.   Upon information and belief, many of the design, style, and gameplay mechanics found in Counterclaim Defendant's "LoL" games and Counterclaimants' "I AM HERO" games are standard traditional fantasy, strategy, role-playing elements commonly referred to as multiplayer online battle arena ("MOBA") genre games, that were created and made popular by previous fantasy/strategy MOBA games such as Warcraft III, owned by Blizzard Entertainment, Inc., which were then altered by fan inspired modifications or "Mods."  Indeed, it is commonly well known in the gaming industry, that Counterclaim Defendant's own "LoL" content copied the same design, styles and gameplay mechanics from a popular free Mod called "Defense of the Ancients," (or "DOTA") which was a custom map created for Warcraft III, which then evolved to DOTA 2.  Indeed, many of the aspects of Counterclaim Defendant "LoL" content, are not protectable copyrightable subject matter since they are not original author/creator of such materials and such game features/element and their "LoL" content include elements that are standard, stock, or common to a particular topic or genre.

86.   Counterclaim Defendant did not create the Strategy/RPG/MOBA genre and owns no patents on such gameplay style, design and/or gameplay mechanics and, thus, possess no rights to exclude others from creating a mobile app game which incorporate elements that are standard, stock, or common to the MOBA/Fantasy/RPG genre.

87.   The characters, gameplay design and style in Counterclaims' "I AM HERO" content is clearly not substantially similar to Counterclaim Defendant's "LoL" alleged copyrighted content.  Any perceived similarities between the parties' works are a result of the incorporation of standard and style, themes, features, and designs that are standard/common in the MOBA/Fantasy/RPG game genre and already in the public domain.

# FIRST CAUSE OF ACTION

## Declaratory Relief Under 28 U.S.C. §2201

### (Invalidity)

88.  Counterclaimants reallege and incorporate by reference the allegations as set forth in Paragraphs 1-87 above as though restated herein in full.

89.  As set forth above, Counterclaim Defendant has no protectable and/or unenforceable copyrights and has attempted to steal and claim exclusive ownership on content that was not created and/or owned by Counterclaim Defendant.  Since Counterclaim Defendant is suing Counterclaimants for copyright infringement, Counterclaimants seek a declaration that Counterclaim Defendant's alleged copyrights in dispute are invalid.

90.  In view of the above, Counterclaimants request the Court to issue an order requiring Counterclaim Defendant to request the Copyright Office to cancel the referenced copyright registrations. pursuant to 37 CFR §201.7.

91.  With respect to invalidity of Counterclaim Defendant's copyrights, Counterclaimants have no adequate remedy at law.

# SECOND CAUSE OF ACTION

## Declaratory Relief Under 28 U.S.C. §2201

### (Non-Infringement)

92.  Counterclaimants reallege and incorporate by reference the allegations as set forth in Paragraphs 1-91 above as though restated herein in full.

93.  As set forth above, even if Counterclaim Defendant's copyrights are deemed valid (which they are not), Counterclaimants' "I AM HERO" content contains many striking differences in the characters, gameplay, features, and style which makes Counterclaimants' "I AM HERO" content substantially dissimilar to Counter Defendant's alleged copyrighted "LoL" content.

94.  Since Counterclaim Defendant is suing Counterclaimants for copyright

infringement, Counterclaimants seek a declaration that Counterclaimants' "I AM HERO" content is not infringing Counterclaim Defendant's purported copyrights in its "LoL" content.

95.  With respect to non-infringement of Counterclaim Defendant's copyrights, Counterclaimants have no adequate remedy at law.

## THIRD CAUSE OF ACTION
### Declaratory Relief Under 28 U.S.C. §2201
### (Exclusion of Copyright Protection)

96.  Counterclaimants reallege and incorporate by reference the allegations as set forth in Paragraphs 1-95 above as though restated herein in full.

97.  Because Counterclaim Defendant's alleged "LoL" copyright content include elements that are standard, stock, or common to a particular topic or genre, and Counterclaim Defendant is seeking to enforce those standard, stock, and/or common elements against Counterclaimants, SugaPTE and SugaCo seeks a declaration that Counterclaim Defendant's "LoL" content is excluded from copyright protection by the Doctrines of Merger and Scenes a Faire and Counterclaimants request the Court to issue an order requiring Counterclaim Defendant to request the Copyright Office to cancel the referenced copyright registrations. pursuant to 37 CFR §201.7.

98.  With respect to exclusion of copyright protection, Counterclaimants have no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Defendants and Counterclaimants pray and request this Court enter judgment in its favor as follows:

A.  For a Declaration that Counterclaim Defendant's Copyright Registrations PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986, are invalid;

B.   For a Declaration that Counterclaim Defendant's Copyright Registrations PA PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986, are unenforceable;

C.   For a Declaration that Counterclaim Defendant's "LoL" content is excluded from Copyright Protection;

D.   For a Declaration that Counterclaims' "I AM HERO" content is not infringing Counterclaim Defendant's Copyright Registrations PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986;

E.   For a judgment that Counterclaim Defendant's Copyright Registrations PA 1-906-694, PA 1-397-659, PA 1-971-560, PA 2-065-995, PA 2-199-196, TX 2-045-774, PA 2-257-275, and PA 2-312-986, are invalid and an order requiring Counterclaim Defendant to file a request for the U.S. Copyright Office to cancel Counterclaim Defendant's Copyright Registrations;

F.   For damages sustained by Counterclaimants as a result of Counterclaim Defendant's causing SugaPTE's and SugaCo's "I AM HERO" game content being removed from the Apple App Store and Google PlayStore;

G.   That the Court award Counterclaimants' costs and attorneys' fees associated in this action; and

H.   Any and all further relief for Counterclaimants as the Court may deem just and proper.

DATED:  October 6, 2023          **RHEMA LAW GROUP, P.C.**

_____

By:  John D. Tran
     Rosalind T. Ong
     Attorneys for Defendants and Counterclaimants
     SUGA PTE, LTD., and SUGA CO., LTD

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF filing system, on this day, October 6, 2023.

I declare under the laws of the United States of America that the foregoing is true and correct.  Executed on <u>October 6, 2023</u> at <u>Irvine</u>, California.


/s/ johntran
John D. Tran